Singh v. Barr

BIA
Segal, IJ
A087 997 707

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of June, two thousand twenty.

PRESENT:
>      ROBERT D. SACK,
>      DEBRA ANN LIVINGSTON,
>      JOSEPH F. BIANCO,
> *Circuit Judges.*
_____

TAJINDER SINGH,
> *Petitioner,*

> v.                                                     18-362
>                                                        NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*
_____

FOR PETITIONER:          Pardeep Singh Grewal, Castro
                         Valley, CA.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; Cindy S. Ferrier,
                         Assistant Director; Kimberly A.

Burdge, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tajinder Singh, a native and citizen of India, seeks review of a January 9, 2018 reissued decision of the BIA affirming an April 28, 2015 decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tajinder Singh,* No. A 087 997 707 (B.I.A. Jan. 9, 2018), *aff'g* No. A 087 997 707 (Immig. Ct. N.Y. City Apr. 28, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination

2

under a substantial evidence standard).

The governing REAL ID Act credibility standard provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). We "defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination.

The multiple inconsistencies among Singh's testimony and documentary evidence provide substantial evidence for the adverse credibility determination. First, Singh's testimony regarding the dates and locations of persecution he claimed

3

to have experienced in India was inconsistent with letters from his parents and a childhood friend. In particular, the letters recounted that Singh was beaten in his family home on December 3, 2009, but Singh testified that this beating occurred in November 2007 and denied that he was beaten at all on December 3, 2009.

Singh argues that the IJ erred by not providing him an opportunity to explain these discrepancies and further contends that this error was compounded by what he characterizes as the IJ's awareness that Singh's counsel was ineffective. But Singh's arguments relating to ineffective assistance of counsel are not properly before us, as Singh did not exhaust them before the agency. *See Arango-Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir. 1994) (petitioner must first raise ineffective assistance of counsel claims with the BIA). And no opportunity to explain discrepancies is required, *inter alia*, where an individual's testimony is "dramatically different" from the documentary evidence. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 114–15 (2d Cir. 2006) (IJ may rely on inconsistencies not brought to asylum seeker's attention when inconsistencies are "dramatic" and "sufficiently conspicuous

4

and central to the applicant's claim as to be self-evident").

Second, Singh's testimony regarding the dates and duration of hospital stays was inconsistent with letters from the hospital, and he failed to provide a convincing explanation for these discrepancies despite receiving an opportunity to do so. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citations omitted)). The medical letters described a six-day hospitalization, but Singh initially testified that he was hospitalized for only one or two days; when questioned about this discrepancy, Singh changed his testimony, but ultimately maintained that the letters were incorrect without providing any reason for this error. The IJ reasonably relied on Singh's inability to explain these inconsistencies. *See Majidi*, 430 F.3d at 79–80.

Third, we defer to the IJ's demeanor finding, which adds further support for the adverse credibility determination. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d

Cir. 2005) (deferring to demeanor finding "in recognition of the fact that the IJ's ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question"). The record reflects that Singh gave non-responsive answers to questions from counsel and the IJ, and the IJ identified specific examples of Singh's testimony to support her determination.

Finally, the agency reasonably concluded that Singh's documentary evidence did not rehabilitate his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question"). As discussed previously, the letters Singh submitted were inconsistent with his testimony regarding the dates of particular incidents and the duration of his hospital stays. Further, an additional letter from Singh's political party

did not address, and thus did not corroborate, his allegations of past harm.

Given the inconsistencies between Singh's testimony and his documentary evidence, as well the demeanor finding and the lack of reliable corroboration, substantial evidence supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because Singh's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court